UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

VERONICA GALVAN,

    Plaintiff,

v.                                                                                              Civ. No. 16-535 GJF/KRS

BOARD OF COUNTY
COMMISSIONERS FOR CURRY
COUNTY, NEW MEXICO,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
## AFFIDAVIT OF LANCE PYLE

THIS MATTER is before the Court on Plaintiff's "Motion to Strike the 'Affidavit' of Lance A. Pyle Attached to Defendant's Reply [Doc. 26]" ("Motion") [ECF No. 28.], filed March 24, 2017. Having reviewed the record, the parties' briefing, the pertinent law, and Mr. Pyle's affidavit, the Court finds Plaintiff's Motion not to be well-taken and will deny it.

In her Motion, Plaintiff asserts that Mr. Pyle's affidavit, attached to Defendant's reply to its Motion for Summary Judgment [ECF No. 24], must be stricken "because it is not based on personal knowledge and it otherwise inadmissible." Pl.'s Mot. 3. She contends that Mr. Pyle's position as County Manager for Curry County is insufficient to establish a basis for his knowledge because he was not personally responsible for preparation or dissemination of incident reports such as the jail's report at issue in Defendant's pending summary judgment motion. *Id.* at 2. Additionally, she argues that the affidavit contains inadmissible hearsay. *Id.* In response, Defendant rejects the notion that Mr. Pyle's affidavit was based only on a mere belief. Def.'s Resp. 1., ECF No. 29. Instead, it argues that he "testified to his position within Curry County as the manager, and his corresponding duties that would give him personal

1

knowledge of those items to which he was testifying." *Id.* It also asserts that the affidavit contains no hearsay because "[t]here is no out-of-court statement made by anyone in the affidavit, certainly not for the truth of any matter." *Id.*

Federal Rule of Civil Procedure 56(c)(4) governs the use of affidavits when attached to a motion for summary judgment. It states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). The Tenth Circuit has explained that "[u]nder the personal knowledge standard, an affidavit is inadmissible if 'the witness could not have actually perceived or observed that which he testifies to.'" *See Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (quoting *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir. 1997)).

The Court finds that Mr. Pyle's affidavit satisfies the requirements of Rule 56 and there is no legal basis for it to be stricken from the record. His employment status as the County Manager and his associated responsibility for receiving all tort claims notices and monitoring claims and litigation filed against the County undoubtedly give him personal knowledge of the matters attested to in his affidavit.

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*